IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT SHIPP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| **EVANS & DIXON, L.L.C.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ROBERT SHIPP, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, EVANS & DIXON, L.L.C., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. ROBERT SHIPP, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Peters, County of St. Charles, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Bank of America, N.A. (hereinafter "BOA").

6. The debt that Plaintiff allegedly owed BOA was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief Cach LLC purchased, acquired and/or otherwise obtained the debt Plaintiff was allegedly obligated to pay BOA.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. EVANS & DIXON, L.L.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Missouri. Defendant is registered as a limited liability company in the State of Missouri.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

15.   On or about October 12, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to BOA. (A true and exact copy of the aforesaid correspondence is attached hereto as **Exhibit A**).

16.   The aforesaid correspondence stated "this letter is to inform you that on October 8, 2010, judgment was rendered in the above entitled matter in the amount of $6,223.40, in addition to all court costs incurred."

17.   The correspondence then stated "since you have not seen fit to handle this matter before suit was filed and judgment rendered, your responsibility is for the entire amount of the debt including, but not limited to, interest costs, etc."

18.   Defendant then stated "I will advance my file for ten (10) days from the date of this letter to give you an opportunity to handle payment of this account without taking further action through the Court for recovery. If you fail to contact me in this regard, no release from any garnishment filed will be issued other than for full payment."

19.   The aforementioned statements were all typed in the same size font.

20.   Beneath the aforementioned statements, Defendant's duly authorized representative, Ron Robinson, signed the correspondence.

21.   The aforementioned statements had the effect of conveying to an unsophisticated consumer that Plaintiff had to pay the debt he allegedly owed within the next ten (10) days.

22.   The aforementioned statements further had the effect of conveying to an unsophisticated consumer that if Plaintiff did not contact Defendant within the next ten (10) days then Defendant could proceed with court action against Plaintiff to collect on the debt he allegedly owed.

23. Beneath the aforementioned statements and beneath the signature of Defendant's duly authorized representative, Defendant stated that it was a debt collector.

24. The text used to apprise Plaintiff that Defendant was a debt collector was written in a text that was smaller than that used in the remainder of Defendant's correspondence.

25. Beneath the aforementioned statements and beneath the signature of Defendant's duly authorized representative, Defendant apprised Plaintiff of his right to dispute the debt and to seek validation of the debt within thirty (30) days.

26. The text used to apprise Plaintiff of his rights was written in a text that was smaller than that used in the remainder of Defendant's correspondence.

27. The text used to apprise Plaintiff that Defendant was a debt collector and to apprise Plaintiff of his rights was approximately half the size of the text used by Defendant in the remaining portions of its correspondence.

28. As such, the representations in Defendant's correspondence that Plaintiff had ten (10) days to pay his account or contact Defendant overshadowed and obfuscated Plaintiff's right to dispute the debt he allegedly owed within thirty (30) days of Plaintiff's receipt of the aforementioned correspondence

29. As such, the representations in Defendant's correspondence that Plaintiff had ten (10) days to pay his account or contact Defendant overshadowed and obfuscated Plaintiff's right to seek validation of the debt he allegedly owed within thirty (30) days of Plaintiff's receipt of the aforementioned correspondence.

30. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the letter sent by Defendant to Plaintiff, dated June 22, 2010; and,

      b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT SHIPP, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ROBERT SHIPP**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: December 7, 2010

David M. Marco (Atty. No.: 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us